LEWIS, PRESIDING JUDGE, DISSENTING:
¶ 1 I respectfully dissent. The Eighth Amendment, as interpreted in Miller v. Alabama , imposes substantive limitations on a State's permanent imprisonment of juvenile homicide offenders. The majority intends to take the narrowest possible approach to these limitations in as many cases and for as long as possible, until the United States Supreme Court enjoins it to do otherwise. I would grant post-conviction relief according to principles already clearly established in Miller .
¶ 2 The Court today seeks to avoid Miller's constitutional limitations in two disagreeable ways. The first, and most doubtful, is the contrivance of viewing a series of consecutive sentences without regard to their aggregate effect and probable administration by State corrections officials. The second is the Court's admittedly cunning suggestion that no clearly established federal law is involved in its method, by which the Court hopes to insulate its extreme approach from unwelcome scrutiny in federal habeas proceedings. I part with the majority in my view that Miller logically dictates and clearly establishes enforceable limits on the State's power to punish Petitioner and others like him.
¶ 3 If consecutive sentences imposed on a juvenile homicide offender, considered in the aggregate, guarantee that the offender will die in prison without any reasonable opportunity to obtain release, the offender's punishment is equivalent to life without parole. Life without parole is a legal punishment for a juvenile homicide offender, but it must either comply with, or yield to, the constitutional *158 limitations established in Miller , even if the conviction and punishment was final when Miller was decided. Montgomery v. Louisiana, 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding Miller is retroactive to final cases).
¶ 4 In this case, the aggregate term of imprisonment on these consecutive sentences guarantees that Petitioner will die in prison before he has a reasonable opportunity for release on parole. Considering Petitioner's life expectancy, his current chances of an eventual opportunity to plead for release on parole are at best slim, and, more realistically, none. This life without parole-equivalent punishment, imposed without a finding that Petitioner was an irreparably corrupt or permanently incorrigible juvenile, clearly violates the Eighth Amendment.
¶ 5 I would remedy this constitutional error practically, inexpensively, and immediately, by affirming the sentence of life imprisonment with the possibility of parole for murder, and modifying the other terms to be served concurrently. Montgomery , 577 U.S. at ----, 136 S.Ct. at 736 (holding that a State may remedy a Miller violation, without re-litigating the sentence, by affording the offender an opportunity for eventual release on parole).
¶ 6 I am authorized to state that Judge Kuehn joins in this dissenting opinion.